GRIFFITH, Circuit Judge,
concurring:
I write separately to address one of plaintiffs’ allegations that I believe warrants brief discussion. Although we must generally assume the truth of plaintiffs’ allegations given the procedural posture of this case, we need not “accept as true the complaint’s factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.” Kaempe v. Myers, 367 F.3d 958, 963 (D.C.Cir.2004); see also Earle v. District of Columbia, 707 F.3d 299, 308 n. 10 (D.C.Cir.2012) (recognizing that “we may take judicial notice of statutes”). Among other things, plaintiffs allege that defendant Donald Rumsfeld “ignor[ed] Public Law 105-85, which required the Secretary of Defense to establish a commission to investigate policies and procedures with respect to the military investigation of reports of sexual misconduct. Defendant Rumsfeld ... failed to appoint any members of the commission.” First Am. Compl. ¶ 219.
Public Law 105-85 was the National Defense Authorization Act for Fiscal Year 1998, passed more than three years before Rumsfeld became Secretary of Defense. See Pub.L. No. 105-85, 111 Stat. 1629 (1997); First Am. Compl. ¶ 183. Although the act could in theory have imposed duties that eventually fell on Rumsfeld, I am unable to locate any provision that meets the complaint’s description of the obligation allegedly violated. (A more precise citation would have been useful: Public Law 105-85 is 450 pages long.) The provision that comes closest to fitting the complaint’s description did not require the establishment (or staffing) of a commission, but instead required the Secretary of Defense to procure within one year, from a specified nonprofit organization (the National Academy of Public Administration), an “independent study of the policies, procedures, and practices of the military criminal investigative organizations for the conduct of investigations of complaints of sex crimes and other criminal sexual mis *378 conduct arising in the Armed Forces.” Pub.L. No. 105-85, § 1072, 111 Stat. at 1898-99. Then-Secretary of Defense William Cohen appears to have complied fully with this directive. See Nat’l Acad, of Pub. Ajdmin., Adapting Military Sex Crime Investigations to Changing Times (1999) (resulting report). It is no small thing to allege that the Secretary of Defense ignored an act of Congress, and I am troubled by the possibility that plaintiffs’ counsel leveled this charge without first carefully reading the act in question.